UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID D. LACKEY,  ) | |
|     No. 00490308,  ) | |
| ) | |
|     Plaintiff,  ) | |
| ) | |
| v.  ) | No. 3:15-cv-00843 |
| ) | Judge Trauger |
| TENNESSEE CORRECTIONS  ) | |
| INSTITUTE, *et al.*,  ) | |
| ) | |
|     Defendants.  ) | |

# M E M O R A N D U M

Plaintiff David D. Lackey, an inmate of the Wilson County Jail in Lebanon, Tennessee, brings this *pro se, in forma pauperis* action pursuant to 42 U.S.C. § 1983 against the Tennessee Corrections Institute, Jerry Scott, Wilson County Sheriff Robert Bryan, and the Wilson County Sheriff Department, challenging the conditions of his confinement. (Docket No. 1).

The plaintiff's complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

**I.  PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* §

1

1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Plaintiff Lackey seeks relief pursuant to § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### III. Alleged Facts

The complaint alleges that, while incarcerated at the Wilson County Jail, the plaintiff is not allowed watch the news on television or read a newspaper "every day to keep up with what is going on in the real world." (Docket No. 1, Attach.). The complaint also alleges that inmates at the jail are not provided ink pens to use for filing grievances and that the forms provided to the inmates for filing grievances do not bear the state seal. (*Id.* at p. 5).

### IV. Analysis

First, the plaintiff names the Tennessee Corrections Institute as defendant. The Tennessee Corrections Institute, established by state statute, is required to establish minimum standards for adult local jails, lock-ups, workhouses, and detention facilities in the State; establishes the standards to inspect and certify local correctional facilities; is responsible for educating local correctional staff; and provides technical assistance and conducts research in relation to requests from local correctional detention facilities, the Tennessee legislature, and other state agencies. *See Tenn.Code Ann*. § 41-4-140. The Tennessee Corrections Institute is immune from suit under § 1983 as an arm of the State of Tennessee. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66 (1989)(holding that § 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against the State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived

its immunity . . . ."); *Barker v. Goodrich*, 649 F.3d 428, 432 (6th Cir.2011) (assuming, without deciding, that London Correctional Institute is an arm of the State and could have asserted sovereign immunity under the Eleventh Amendment). As such, the plaintiff has failed to state claims upon which relief can be granted against the Tennessee Corrections Institute.

Next, the plaintiff names Jerry Scott, an employee of the Tennessee Corrections Institute, as a defendant. Scott's name is not mentioned in the complaint itself; it is only mentioned in an attachment to the complaint that appears to be a form letter to the plaintiff from Scott on behalf of the Tennessee Corrections Institute informing the plaintiff that the Institute "is not authorized by law to investigate individual complaints of this nature." (Docket No. 1, Attach.). The letter encourages the plaintiff to "to try to resolve the issue with the facility administrator and/or the sheriff through their grievances procedures." (*Id.*) The complaint makes no allegation that Scott or the Tennessee Corrections Institute deprived the plaintiff of any federal constitutional right. Moreover, any claims for monetary damages against Scott in his official capacity would be barred by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989). The court therefore finds that the complaint does not state a § 1983 claim upon which relief can be granted against defendant Scott in his official capacity. Any claims against Scott must be dismissed.

Next, the plaintiff names the Wilson County Sheriff's Department as a defendant. However, sheriffs' offices and police departments are not bodies politic and, as such, are not persons within the meaning of § 1983. *See Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10–cv–0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) ("[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit.")(collecting cases)). Because the plaintiff is proceeding *pro se*, the court construes

4

the plaintiff's claims against the Wilson County Sheriff's Department as claims against Wilson County, Tennessee. In order to bring a Section 1983 claim against a county, the plaintiff must claim that the alleged violations of his constitutional rights stemmed from a county policy, regulation, decision, custom, or the tolerance of a custom of such violations. Otherwise, a § 1983 claim will not lie. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L.Ed.2d 412 (1989); *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978); *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507-09 (6th Cir. 1996).

Here, the complaint alleges that Wilson County employs unconstitutional policies of prohibiting inmates from daily access to news and refusing to provide inmates with pens and proper grievance forms. With regard to these claims, the complaint also names Wilson County Sheriff Robert Bryan in his official capacity as a defendant. "A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity" of which the official is an agent. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L.Ed.2d 45 (1989). Thus, the plaintiff's claims against Sheriff Bryan in his official capacity are claims against Wilson County, Tennessee.

The First Amendment to the United States Constitution provides prisoners with a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). In addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Id*. at 824-25. Despite this constitutional right, a prisoner must show "actual prejudice" to ongoing or contemplated litigation to state a claim for relief. *Moore v. Chavez*, 36 F. App'x 169, 171 (6th Cir. 2002)(citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).

Here, Lackey fails to argue or show any actual injury as a result of the alleged restriction on ink pens or particular grievance forms. The plaintiff concedes that, although inmates are not provided with pens, Wilson County does provide them with pencils; although the grievance forms provided to the inmates may not bear the state seal, inmates are permitted to use these forms to pursue grievances. The alleged limitations did not prevent the plaintiff either from filing this action or the grievances he sent to the Tennessee Corrections Institute. Thus, the plaintiff has not been denied access to any court, and he has not been hindered in his ability to pursue a legal claim.

As for his other claim, the complaint alleges that restrictions on inmates' access to newspapers, and/or their alleged inability to watch the news on television, violates their rights "to keep up with what is going on in the real world." (Docket No. 1, Attach.).

It is well settled that a "prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections systems." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). These rights include the right to receive mail, including publications, subject to legitimate penological interests. *Sheets v. Moore*, 97 F.3d 164, 166 (6th Cir. 1996)(citations omitted). "[R]egulations affecting the sending of a 'publication' ... to a prisoner must be analyzed under the *Turner* [*v. Safley*, 482 U.S. 78, 107 S. Ct. 2254, 96 L.Ed.2d 64 (1987) ] reasonableness standard" to determine whether they are reasonably related to legitimate penological interests. *Sheets*, 97 F.3d at 166 (citing *Thornburgh v. Abbott*, 490 U.S. 401, 413, 109 S. Ct. 1874, 104 L.Ed.2d 459 (1989)). The factors to be applied in determining whether the reasonableness standard is met are: whether the governmental objective underlying the regulation is legitimate and neutral and whether the regulation is rationally related to that objective; whether inmates have alternative means of exercising the right; and the impact that accommodation

of the asserted right will have on inmates and guards in the prison. *Abbott*, 490 U.S. at 414-18. With regard to publications in the prison context, "neutrality" means "the regulation or practice in question must further an important or substantial governmental interest unrelated to the suppression of expression." *Id.* at 415 (citing *Procunier*, 416 U.S. 396, 413, 94 S. Ct. 1800, 40 L.Ed.2d 224). Legitimate penological interests include security, order, and rehabilitation. *Procunier*, 416 U.S. at 413.

Liberally construing the *pro se* complaint's allegations, the plaintiff alleges that the defendants acted and are acting according to an unconstitutional policy or custom attributable to Wilson County, Tennessee, and that defendant Bryan authorized, acquiesced in, and/or personally implemented that policy (preventing inmates from accessing newspapers or television news). On initial review, the record before the court is sparse; as such, the court is without information concerning the rationale undergirding the Wilson County Jail's policy of prohibiting media and newspaper, if such a policy exists as the plaintiff alleges. Nevertheless, the court finds that the plaintiff has stated a colorable claim under the First Amendment with regard to this claim. *See Terry v. Calhoun County Correctional Facility*, 2012 WL 5198376, at *6 (W.D. Mich. Oct. 19, 2012)(finding that, at this stage of the proceedings, the plaintiff had sufficiently alleged that the sheriff had a policy or custom of preventing inmates from accessing newspapers or communicating with newspaper reporters and permitting the plaintiff's claim to proceed); *Marcum v. Jones*, 2009 WL 3172048, at **2–3 (S.D. Ohio 2009)(denying defendants' summary judgment motion as to prisoner-plaintiff's First Amendment claim premised on jails' "no publications policy," which prohibited inmates from receiving any publications, magazines, tabloids, and newspaper through the mail while incarcerated at the jails); *Dunne v. Smith*, 2009 WL 840651, at **4-5 (E.D. Cal.2009)

7

(finding that prisoner-plaintiff stated a colorable First Amendment claim premised on the prison's ban of magazines and newspapers); *see also Beard v. Banks*, 548 U.S. 521, 126 S. Ct. 2572, 165 L.Ed.2d 697 (2006) (finding that the prison's policy of restricting access to newspapers, magazines, and photographs by inmates placed in most restrictive level of prison's long-term segregation unit was justified by need to provide particularly difficult prisoners with increased incentives for better prison behavior, and thus did not violate the First Amendment rights of such prisoners). Accordingly, the plaintiff's First Amendment claims against defendants Wilson County and Sheriff Bryan in his official capacity will be allowed to proceed for further development.

Finally, attached to the complaint is a list of grievances about conditions of confinement at the Wilson County Jail made by the plaintiff followed by a page entitled "We the people (inmates) reside at the Wilson County Jail agree with the grievance at hand." The second sheet contains the names and signatures of eleven inmates at the Wilson County Jail. (Docket No. 1, Attachs.).

To the extent that Lackey purports to assert additional claims concerning the conditions of his confinement by way of this attachment to his complaint, he must file a proposed amended complaint seeking to add these claims as they are not included in the instant complaint submitted to the court. Moreover, the plaintiff has not alleged that he has exhausted his administrative remedies with regard to any of these claims.

Furthermore, to the extent that Lackey purports to assert these claims on behalf of other Wilson County Jail inmates, he cannot represent the interests of others. "[A] prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and, absent a request for class certification, lacks standing to assert the constitutional rights of other prisoners." *Newson v. Norris*,

888 F.2d 371, 381 (6th Cir. 1989). If Lackey wishes to initiate an action along with these eleven inmates regarding these additional allegations, all plaintiffs must sign the complaint and equally split the cost of the filing fee.

V.    **Conclusion**

For the reasons explained above, the court finds that the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 against defendants Tennessee Corrections Institute and Jerry Scott. These claims and defendants will be dismissed.

However, as to the plaintiff's § 1983 claims against defendants Robert Bryan in his official capacity and the Wilson County Sheriff Department, construed by the court as claims against Wilson County, Tennessee, the court finds that the complaint states an actionable First Amendment claim as to the plaintiff's allegation that Wilson County Jail inmates are not permitted access to newspapers or television news. However, the plaintiff's First Amendment claims against these defendants based on the denial of ink pens and grievance forms bearing the state seal fail to state a claim upon which relief can be granted, and those claims will be dismissed. 28 U.S.C. § 1915(e)(2).

An appropriate order will follow.

_____
Aleta A. Trauger
United States District Judge