IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID D. LACKEY #00490308, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-00843 |
| ) | Judge Trauger / Knowles |
| ) | |
| TENNESSEE CORRECTIONS ) | |
| INSTITUTE, et al. ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon a document entitled "To Add Amendments and My Plea" (Docket No. 18), filed by Plaintiff, which the Court will construe as a Motion to Amend his Complaint. In that document, Plaintiff appears to argue that his constitutional rights were violated because: (1) he did not receive his mail from the Court for two days; (2) he thinks that an officer on the third shift opened some of his mail before it left the Wilson County Jail; (3) he was not medically able to be a trustee, and therefore was not able to receive any program/work credits or "so called two (2) for ones"; (4) he was "locked down" for twenty hours per day and was not permitted to attend certain educational and rehabilitative classes; (5) he had access only to a pencil with which to complete grievance forms; (6) he had to clean the shower in his cell; and (7) he was discriminated against because females were given more recreation time than was he. *Id.*

Defendants have filed a Response, arguing that Plaintiff's "Motion" should be denied because his proposed amendments would be futile since he has failed to exhaust his administrative remedies, as required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Docket No. 20. Defendants additionally argue that Plaintiff's proposed amendments would be futile because they would not survive a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Id.*

For the reasons set forth below, the undersigned recommends that Plaintiff's "Motion" "To Add Amendments and My Plea" (Docket No. 18) be DENIED.

## II. Law and Analysis

### A. Motion to Amend Complaint Pursuant to Fed. R. Civ. P. 15

Motions to Amend are governed by Fed. R. Civ. P. 15, which provides in relevant part:

> (a) Amendments Before Trial.
>
> > (1) *Amending as a matter of course.* A party may amend its pleading once as a matter of course within:
> >
> > > (A) 21 days after serving it, or
> > >
> > > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . . .
> >
> > (2) *Other amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Plaintiff cannot amend as a matter of course under Rule 15(a)(1)(A), because more than 21 days have passed since the service of the initial Complaint. Furthermore, Plaintiff cannot amend as a matter of course pursuant to Rule 15(a)(1)(B), because the Complaint he seeks to

amend is a pleading to which a responsive pleading is required, and more than 21 days have passed since the service of Defendants' Answer.

Defendants oppose the amendment of Plaintiff's Complaint, therefore, Plaintiff can amend only with leave of Court, pursuant to Rule 15(a)(2).

While leave to amend should be "freely given when justice so requires," leave to amend should be denied when "it would result in undue delay or prejudice to the opposing party ... or where the amendment is futile." *See Forman*, 371 U.S. 178; *Duchon v. Cajon Co.*, 791 F.2d 43 (6th Cir. 1986). An amendment is "futile" when the "proposed amendment would not survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)," and in such instance, "the court need not permit the amendment." *Nat'l Credit Union Admin. Bd.* v. *Acacia Nat. Life Ins. Co.*, 60 F. 3d 828 (6th Cir. 1995). *See also Thiokol Corp. v. Dept. of Treasury*, 987 F.2d 376, 382 (6th Cir. 1993); *Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980).

## B. Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e

### I. Generally

A prisoner must exhaust all available administrative remedies before filing a claim under § 1983 or any other federal law. 42 U.S.C. §1997e(a). *See also, e.g., White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *Wyatt v. Leonard*, 193 F.3d 876, 878 (6th Cir. 1999). The Prison Litigation Reform Act of 1995 provides in pertinent part as follows:

> (a) **Applicability of Administrative Remedies**. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in

3

> any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (emphasis original).

Additionally, the filing of an initial grievance is not sufficient to satisfy the requirements of § 1997e(a). Rather, the PLRA exhaustion of prison administrative remedies requires a prisoner to pursue his prison grievance through the final level of administrative appeal. *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999). In *Hartsfield*, the Sixth Circuit explicitly stated:

> Even if Plaintiff did file an initial grievance against [defendants],
> he was required to continue to the next step in the grievance
> process . . . . We have previously held that an inmate cannot simply
> . . . abandon the process before the completion and claim that he
> has exhausted his remedies. . .

When a defendant shows that a plaintiff has not "exhausted all available state administrative remedies," the only remaining question is whether Plaintiff's claims have been brought with respect to "prison conditions" as that term is used in 42 U.S.C. § 1997e(a).

The Sixth Circuit discussed the meaning of the term "prison conditions" as used in 42 U.S.C. § 1997e(a) in *Freeman v. Francis*, 196 F.3d 641 (6th Cir. 1999). In *Freeman*, Plaintiff inmate brought a lawsuit against prison officials claiming that they had used excessive force against him. The lower court had dismissed his complaint for failure to exhaust administrative remedies. On appeal, Plaintiff argued in part that he was not required to exhaust his administrative remedies because his excessive force claim did not involve a "prison condition" within the meaning of § 1997e(a). The *Freeman* Court stated in part as follows:

> The phrase "action . . . with respect to prison conditions" is not
> defined in § 1997e. Because the question is one of statutory
> construction, we must first look to the plain language of the statute.

4

> Defendants argue that the term "prison conditions" as used in 18 U.S.C. § 3626(g)(2), which was amended as part of the same legislation as § 1997e, does include claims such as excessive force because it expressly includes "effects of actions of government officials on the lives of confined persons" as well as "conditions of confinement" in defining "prison conditions." . . . It is generally recognized that when Congress uses the same language in two different places in the same statute, the words are usually read to mean the same thing in both places. . . .
>
> Moreover, reading the term "prison conditions" to include claims of excessive force finds support in the purpose and legislative history of the Act. The Act was passed to reduce frivolous prisoner lawsuits and to reduce the intervention of federal courts into the management of the nation's prison systems. A broad exhaustion requirement that includes excessive force claims effectuates this purpose and maximizes the benefits of requiring prisoners to use prison grievance procedures before coming to federal court. Prisons need to know about and address claims of excessive force as they would any other claim concerning prison life so that steps may be taken to stop problems immediately if they exist.

196 F.3d at 643-644 (footnote omitted).

The U. S. Supreme Court has also held that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *See Porter v. Nussle*, 534 U.S. 516, 520, 122 S.Ct. 983, 986 (2002). As the *Porter* Court stated:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. . . . In other instances, the internal review might "filter out some frivolous claims." . . . And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.
>
> . . .

> For the reasons stated, we hold that the PLRAs exhaustion
> requirement applies to all inmate suits about prison life, whether they
> involve general circumstances or particular episodes, and whether
> they allege excessive force or some other wrong.

122 S.Ct. at 988, 992 (citations omitted, emphasis added).

### 2. The Case at Bar

Plaintiff states that he filed several grievances, but did not receive responses to those grievances. Docket No. 18. Plaintiff has attached to his "Motion" unauthenticated documents that appear to be grievance forms dated July 24, 2015, August 12, 2015, August 27, 2015, and September 21, 2015. *Id.*, p. 3, 8, 21, 22. These grievance forms do not contain a response, and there is no indication on these grievance forms that they were either submitted to, or received by, any Jail official. *See id.* Plaintiff has also attached an unauthenticated document that appears to be a blank grievance form that does contain a response dated August 7, 2015. *Id.*, p. 23. That response indicates that the grievance is not a valid grievance because it is a "non-grievable issue." *Id.*

As noted, Plaintiff states that he filed several grievances, while Defendants state that Plaintiff did not exhaust his administrative remedies. Defendants bear the burden of showing that Plaintiff has failed to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199 (1997). A simple statement that Plaintiff did not exhaust his administrative remedies, without more, is insufficient to satisfy that burden. *See id.* Accordingly, Defendants have not met their burden, and cannot prevail on this ground.

## C. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

### 1. Generally

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of

7

> Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. at 678-79 (citations omitted).

**2. The Case at Bar**

As noted, Plaintiff appears to argue that his constitutional rights were violated because: (1) he did not receive his mail from the Court for two days; (2) he thinks that an officer on the third shift opened some of his mail before it left the Wilson County Jail; (3) he was not medically able to be a trustee, and therefore was not able to receive any program/work credits or "so called two (2) for ones"; (4) he was "locked down" for twenty hours per day and was not permitted to attend certain educational and rehabilitative classes; (5) he had access only to a pencil with which to complete grievance forms; (6) he had to clean the shower in his cell; and (7) he was discriminated against because females were given more recreation time than was he. *Id.* The undersigned will address each of Plaintiff's claims in turn.

First, Plaintiff states that the mail in question "was received in the hands of the Defendants [*sic*] mail room on Friday August 29, 2015," but he did not receive the "legal certified mail from the United State[s] District Court [until] Monday August 31, 2015." Docket No. 18, p. 1. Plaintiff contends that the two-day delivery delay was "unnecessary treatment" that kept him in prolonged contact with the Court and violated his constitutional rights. *Id.* Plaintiff cites no authority for the proposition that mail that arrives in the mail room on Friday must be delivered to him that same day. Plaintiff's mail was promptly delivered to him on the next

business day after its arrival.  Plaintiff cannot sustain this claim.

Next, Plaintiff contends that his rights were violated because he thinks that an officer on the third shift opened some of his mail before it left the Wilson County Jail *Id.*, p. 4.  Although Plaintiff argues that the opening of his mail was an invasion of his privacy, he does not contend that the alleged opening of his mail delayed his access to the courts, dissuaded him from exercising his rights, or otherwise caused him harm.  In fact, Plaintiff acknowledges that, "Both incoming and outgoing mail shall be inspected for contraband items prior to delivering unless received from the Courts, Attorney of Record, or Public Officials." *Id.*, p. 7.  Absent something more than Plaintiff's conclusory allegations, he cannot sustain this claim.

Third, Plaintiff maintains that his rights were violated because he was not medically able to be a trustee, and therefore was not able to receive any program/work credits or "so called two (2) for ones." *Id.*, p. 10.  Plaintiff, however, does not have a constitutional right to a particular job within the Jail.  *See, e.g, Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Newsom v. Norris*, 888 F.3d 371, 374 (6th Cir. 1989).  Accordingly, the fact that he cannot be a trustee is not a cognizable claim.

Next, Plaintiff argues that, because he is being housed in medical isolation, he, "like the other male inmates," is "locked down twenty (20) hours per day" and not allowed to attend certain classes.  Docket No. 18, p. 10.  Plaintiff contends that he is "being punished because of [his] medical problems." *Id.*  Plaintiff acknowledges that he is in "medical isolation" because of his "medical problems"; he does not contend that he is being arbitrarily confined to his cell for twenty hours per day or that he is in complete lock down.  Plaintiff gets four hours per day of recreation time.  There is no constitutional requirement that an inmate being housed in medical

9

isolation because of medical problems be permitted more than four hours per day of recreation time. Plaintiff simply cannot sustain this claim.

With regard to Plaintiff's claim that, because he is housed in medical isolation due to his medical problems and therefore "locked down twenty" hours per day such that he cannot attend certain educational and rehabilitative classes, Plaintiff does not have a constitutional right to participate in rehabilitative or educational programs. *See, e.g., Rhodes*, 452 U.S. at 348; *see also Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989). Because Plaintiff does not have a constitutional right to participate in those classes, he cannot sustain this claim.

Fifth, Plaintiff contends that his rights were violated because he had access only to a pencil with which to complete grievance forms. Docket No. 18, p. 12. Plaintiff argues that the pencil "is not strong enough to make a legible copy," and he therefore "feel[s] like [he] can't properly file a grievance or complaint." *Id.* This Court has previously dismissed Plaintiff's claims related to the use of a pencil, rather than a pen. *See* Docket Nos. 3, 4. Moreover, there is no constitutional right to the use of a pen versus a pencil, and Plaintiff has demonstrated that having access only to a pencil has not stopped him from filing grievances or Court submissions. Thus, Plaintiff cannot sustain this claim.

Next, Plaintiff asserts that his rights were violated because he has to clean the shower in his cell. Docket No. 18, p. 13. Plaintiff maintains that the trustees clean the "showers that everyone else in I-Pod uses" and earn "time off their sentence" for doing it as part of their jobs as trustees. *Id.* Plaintiff essentially takes issue with the fact that he has to clean his own shower but does not earn time off his sentence like the trustees do. *Id.* Specifically, Plaintiff argues, "So, if I'm not medically released to work a physical job but made to physically scrub my shower I feel

10

it contradicts itself and either I should be able to hold a lesser job, attend educational classes, or receive credits for me cleaning the shower myself." *Id.* As discussed above, Plaintiff does not have a constitutional right to have a specific job or take certain educational or rehabilitative classes. *See, e.g., Rhodes*, 452 U.S. at 348. Furthermore, having to clean one's shower simply does not "violate the contemporary standards of decency" and is not cognizable under an Eighth Amendment conditions of confinement claim. Accordingly, Plaintiff likewise cannot sustain this claim.

Finally, Plaintiff maintains that his rights were violated because females were given more recreation time than was he. Docket No. 18, p. 18. As discussed above, Plaintiff does not have a constitutional right to a specific amount of recreational time, nor does he have a constitutional right to have the same amount of recreational time as do the female inmates in the Jail. Plaintiff, therefore, cannot sustain this claim.

### III. Conclusion

For the reasons discussed above, the undersigned recommends that Plaintiff's "Motion" "To Add Amendments and My Plea" (Docket No. 18) be DENIED, as any proposed amendments would be futile.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this

Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge