UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID D. LACKEY,<br>    No. 00490308,<br><br>          Plaintiff,<br><br>v.<br><br>TENNESSEE CORRECTIONS INSTITUTE,<br>*et al.*,<br><br>          Defendants. | No. 3:15-cv-00843<br>Judge Trauger |

# **M E M O R A N D U M**

On December 14, 2015, the Magistrate Judge issued a Report and Recommendation (R&R) (Docket No. 51) as to the plaintiff's motion to amend his complaint filed on October 1, 2015 (Docket No. 18), recommending that the motion be denied.

Pending before the court are Objections to the R&R timely filed by the plaintiff. (Docket No. 59). For the reasons discussed below, the court finds that, as to the plaintiff's Objections to the Magistrate Judge's recommendations regarding the plaintiff's proposed first, second, fifth and sixth amendments to the complaint, those Objections lack merit and will be overruled. However, as to Magistrate Judge's recommendations regarding the plaintiff's proposed third, fourth, and seventh amendments to the complaint, the court finds that those Objections have merit and will be sustained.

**I.     Introduction**

On July 30, 2015, Plaintiff David D. Lackey, an inmate of the Wilson County Jail in Lebanon, Tennessee, filed this *pro se* action pursuant to 42 U.S.C. § 1983 against the Tennessee Corrections Institute, Jerry Scott, Wilson County Sheriff Robert Bryan, and the Wilson County

1

Sheriff Department, challenging the conditions of his confinement. (Docket No. 1). By order and accompanying memorandum entered on August 10, 2015, the court granted the plaintiff's application to proceed *in forma pauperis*, dismissed with prejudice the plaintiff's claims under 42 U.S.C. § 1983 against defendants Tennessee Corrections Institute and Jerry Scott, and directed process to issue on the plaintiff's § 1983 claims against defendants Robert Bryan in his official capacity and the Wilson County Sheriff Department. (Docket Nos. 3 & 4). This case was referred to the Magistrate Judge for case management, rulings on non-dispositive motions, and recommended rulings on dispositive motion. (Docket No. 4).

On October 1, 2015, the plaintiff filed a document entitled, "To Add Amendments and My Plea" (Docket No. 18), which the Magistrate Judge construed as a motion to amend the complaint. The defendants oppose all of the proposed amendments. (Docket No. 20).

## II. Report and Recommendation

In the R&R (Docket No. 51), the Magistrate Judge recommends that the plaintiff's motion to amend the complaint be denied as to all proposed claims. First, the Magistrate Judge notes that the plaintiff cannot amend his complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(A) because more than twenty-one days have passed since the service of the initial complaint; additionally, neither can the plaintiff amend as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) because the complaint is a pleading to which a responsive pleading is required and more than twenty-one days have passed since the service of the defendants' answer. (*Id.* at pp. 2-3). Thus, the Magistrate Judge concludes that the plaintiff can only amend his complaint with leave of court pursuant to Federal Rule of Civil Procedure 15(a)(2). (*Id.* at p. 3).

Next, the Magistrate Judge outlines the plaintiff's proposed amendments to the complaint as follows:

> Plaintiff appears to argue that his constitutional rights were violated because: (1) he did not receive his mail from the Court for two days; (2) he thinks that an officer on the third shift opened some of his mail before it left the Wilson County Jail; (3) he was not medically able to be a trustee, and therefore was not able to receive any program/work credits or "so called two (2) for ones"; (4) he was "locked down" for twenty hours per day and was not permitted to attend certain educational and rehabilitative classes; (5) he had access only to a pencil with which to complete grievance forms; (6) he had to clean the shower in his cell; and (7) he was discriminated against because females were given more recreation time than was he.

(Docket No. 51 at p. 8). In considering whether the plaintiff's proposed amendments to the complaint would be futile, the Magistrate Judge determined that each of the seven proposed amendments failed to state a claim upon which relief can be granted. (*Id.* at pp. 8-11). Consequently, the Magistrate Judge recommended that the motion to amend the complaint be denied because all of the proposed amendments to the complaint would be futile. (*Id*. at p. 11).

### III. Standard of Review

Here, the Magistrate Judge's R&R concerns a dispositive pretrial matter. Under Federal Rule of Civil Procedure 72(b), the district court must review any portion of the R&R to which a specific objection is made under the *de novo* standard. *Id*.; 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

### IV. Plaintiff's Objections to the R&R

The plaintiff has filed Objections to the Magistrate Judge's recommendation to deny the plaintiff's motion to amend the complaint. (Docket No. 59).

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend to a

complaint should be freely given "when justice so requires." In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir.2005) (*citing Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir.1980)).

### A. Objection 1

The plaintiff's first Objection is to the Magistrate Judge's determination that the plaintiff's first proposed amendment to the complaint (he did not receive his mail from the court for two days) fails to state a claim upon which relief can be granted. (*Id.* at p. 1). As the Magistrate Judge explains, the plaintiff's mail at issue was promptly delivered to him on the next business day after its arrival. (Docket No. 51 at pp. 8-9). The court agrees with the Magistrate Judge that these allegations, even if true, do not state a claim for the denial of the plaintiff's federal constitutional rights. This Objection, therefore, will be overruled.

### B. Objection 2

Second, the plaintiff objects to the Magistrate Judge's recommendation that the plaintiff's second proposed amendment to the complaint (an officer on the third shift opened some of the plaintiff's mail before it left the Wilson County Jail) fails to state a claim upon which relief can be granted. (Docket No. 59 at pp. 1-1). As to this proposed claim, the Magistrate Judge finds that the plaintiff has not claimed that the alleged opening of his mail delayed his access to the courts,

4

dissuaded him from exercising his rights, or otherwise caused the plaintiff harm. (Docket No. 51 at p. 9).

The court agrees with the Magistrate Judge that, as stated, the plaintiff's proposed amendment fails to state a claim upon which relief can be granted. A prison employee's interference with legal mail or a prisoner's access to the courts states a First Amendment claim only if it results in actual injury to non-frivolous pending litigation. *See Stanley* v. Vining, 602 F.3d 767, 770 (6th Cir. 2010) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). The plaintiff alleges no such actual injury.

As to the plaintiff's allegation raised in his Objection that the defendants' "tampering" with the plaintiff's mail to his mother has resulted in the loss of "1/3 of his mothers [sic] estate and things that the plaintiff has gave [sic] his mother for Mother [sic] Day that cannot be replaced" (Docket No. 59 at p. 1), these allegations attempt to state claims of an unlawful deprivation of personal property under § 1983. The Due Process Clause of the Fourteenth Amendment protects against unlawful taking of a person's property by public officers. However, the Supreme Court has held that, where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), *overruled on other grounds, Daniel v. Williams*, 474 U.S. 327 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Because the plaintiff's proposed claim is premised upon allegedly unauthorized acts of a county or state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995). Under settled Sixth Circuit law, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due process action. *See*

5

*Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985). The Sixth Circuit Court of Appeals has held that Tennessee's statutory remedy against local governments for loss of property affords an adequate remedy to return items either negligently or intentionally converted. *Id.* at 199. The plaintiff has not alleged that he attempted post-deprivation remedies and that they were inadequate. Because there are adequate state post-deprivation remedies available to the plaintiff, his proposed claim regarding the loss of items mailed to his mother would fail as a matter of law. Thus, an amendment to add this proposed claim would be futile. For all of the reasons discussed above, the plaintiff's second Objection to the R&R is overruled.

### C. Objections 3 and 4

The plaintiff's next two Objections are to the Magistrate Judge's determination that the plaintiff's third proposed amendment to the complaint fails to state a claim upon which relief can be granted. (*Id.* at p. 9). The Magistrate Judge characterizes the plaintiff's proposed claim as: the defendants denied the plaintiff's constitutional rights because he was not permitted to be a trustee, was not permitted to attend educational or rehabilitative programs, and was unable to receive any program/work credits or "so called two (2) for ones." (Docket No. 51 at p. 8).

As to the trustee position the plaintiff claims has been denied to him, the Magistrate Judge finds that prisoners do not have a constitutional right to a particular job, or to any job at all, within a jail. (*Id.* at p. 9). As to the plaintiff's proposed claim that he lacks the opportunity to participate in certain programs within the jail and has been "denied an education," the Magistrate Judge finds that prisoners have no constitutionally cognizable right to participate in rehabilitative or educational programs. (*Id.* at p. 10). Thus, the Magistrate Judge recommends that the plaintiff's proposed amendment be denied as futile as failing to state a claim upon which relief can be granted.

6

While the court agrees with the Magistrate Judge that inmates are not entitled to a specific job or to any job at all within a jail and that prisoners have no constitutional right to participate in rehabilitative or educational programs, respectfully, the court understands the plaintiff's motion to amend to advance materially different claims. First, the plaintiff asserts that the defendants denied him access to a jail trustee job solely based upon the plaintiff's disability. The plaintiff states that he is "disabled by having seizures and Parkin [sic] disease." (Docket No. 59 at p. 3). He also states that, between March 2014 and July 21, 2014, the plaintiff served as trustee in N-Pod, cleaning tables, mopping floors, cleaning windows, and scrubbing showers. (Docket No. 59 at p. 6). According to the plaintiff, his performance during that time demonstrates that he is capable of performing the duties of the trustee job. Moreover, the plaintiff states that, during the period of time for which he sought and was denied a trustee position and during which the plaintiff was deemed "medically unfit" for a trustee position, the plaintiff was required to scrub and in fact scrubbed the showers in his assigned pod, a task for which the trustees received "2 for 1" credits but the plaintiff, having been denied a trustee position, received no such credit. (*Id.*)

The plaintiff has submitted a grievance regarding these allegations (Docket No. 18 at p. 21) and the Magistrate Judge found in the R&R that the defendants have not met their burden of showing that the plaintiff failed to exhaust his administrative remedies with respect to any of his proposed claims. (Docket No. 51 at p. 6). The court agrees.

The ADA prohibits state and local governments from discriminating against qualified individuals with a disability. *See Dillery v. City of Sandusky*, 398 F.3d 562, 568 (6th Cir. 2005). Here, the plaintiff alleges that he is disabled, he is qualified to participate in the programs, services, and opportunities afforded to non-disabled inmates, and the defendants intentionally discriminated

7

against him based on his disability. The court finds that the plaintiff's allegations state a claim under the Americans with Disabilities Act, 42 U.S.C. § 12132.[1]

The court also understands the plaintiff to assert a Section 1983 claim for violations of his Fourteenth Amendment rights to equal protection; as a disabled inmate, he alleges that he was denied equal access to educational and rehabilitative programs, such as G.E.D. programs and Alcoholics Anonymous, to which non-disabled inmates enjoy unrestricted access. The Equal Protection Clause of the Fourteenth Amendment states that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV § 1. Under the Equal Protection Clause, a plaintiff must demonstrate that a state actor intentionally discriminated against him because of membership in a protected class or burdened a fundamental right. *Midkiff v. Adams County Reg'l Water Dist.*, 409 F.3d 758, 770 (6th Cir. 2005). "Disabled persons are not a suspect class for purposes of an equal protection challenge . . . . A state may therefore treat disabled persons differently, so long as its actions are rationally related to some legitimate government purpose." *S.S. v. Eastern Kentucky Univ.*, 532 F.3d 445, 457 (6th Cir. 2008); *see also Rawls v. Sundquist*, 929 F. Supp. 284, 291 (M.D. Tenn. 1996)(Campbell, J.)("Under the equal protection clause, prison administrators are entitled to place restrictions on the opportunities, rights and privileges accorded protective custody inmates, as compared to those inmates in the general population, provided that those restrictions are rational rather than arbitrary and capricious.").

Here, the plaintiff alleges that he is "locked down" in his cell for twenty hours a day and is not permitted to attend educational classes or rehabilitative programs to which other inmates who are not in medical isolation have access. He also alleges that, although he is capable of performing

---

[1] It is unclear whether the Wilson County Jail receives federal financial assistance. If so, the plaintiff's allegations also may state a claim under the Rehabilitation Act, 29 U.S.C. § 794.

8

the duties of a trustee, he has been denied the position because of his disability. Keeping in mind that the court's analysis should focus on whether the plaintiff's proposed amendments to the complaint would state claims upon which relief can be granted, as opposed to a more penetrating analysis of whether the claims would survive a motion for summary judgment, the court finds that the proposed amendments are not futile. Although it is unclear whether the plaintiff ultimately will prevail on his ADA and Section 1983 equal protections claims, the court finds that the plaintiff's allegations warrant further factual development, particularly with regard to whether any restrictions placed on the plaintiff as a medically restricted inmate are rational rather than arbitrary and capricious as the plaintiff alleges. Therefore, the plaintiff's Objections as to these claims are sustained, and the plaintiff should be permitted to amend his complaint to assert the claims discussed above.

### D. Objection 5

The plaintiff's fifth Objection is to the Magistrate Judge's determination that the plaintiff's fifth proposed amendment to the complaint (he had access only to a pencil with which to complete grievances and legal forms) fails to state a claim upon which relief can be granted. (Docket No. 51 at p. 10). As the Magistrate Judge points out, the plaintiff raised this claim in his original complaint and the court dismissed it because, even though Wilson County does not provide jail inmates with pens, it does provide them with pencils and the plaintiff had not demonstrated that this restriction had hindered his ability to pursue a grievance or legal claim. (Docket No. 51 at p. 9 citing Docket No. 3 at p. 6). The court agrees with the Magistrate Judge that the plaintiff's attempt to resurrect this claim by way of an amendment to the complaint fails. The plaintiff presents no new evidence that having access only to a pencil has impeded his ability to file grievances or lawsuits. This

9

Objection is overruled.

### E. Objection 6

The plaintiff's next Objection is to the Magistrate Judge's determination that the plaintiff's sixth proposed amendment to the complaint (he had to clean the shower in his cell but did not receive "time off his sentence" for doing it in the same way that trustees do) fails to state a claim upon which relief can be granted. (Docket No. 51 at pp. 10-11). As the Magistrate Judge explains, the plaintiff does not have a constitutional right to a specific job or to specific educational or rehabilitative programs. Thus, the plaintiff's continued allegations pertaining to his ineligibility for a jail trustee position do not support a constitutional challenge <u>except</u> insofar as they are considered in the context of the plaintiff's equal protection claim based on the defendants' alleged treatment of the plaintiff differently because of his disability.

To the extent that the Magistrate Judge concludes that having to clean one's shower does not "violate the contemporary standards of decency" in violation of the Eighth Amendment (*Id.* at p. 11), the court agrees. However, the plaintiff is entitled to advance his argument regarding the cleaning of his shower in the context of the plaintiff's equal protection claim based on the defendants' alleged treatment of the plaintiff differently because of his disability.

### F. Objection 7

The plaintiff's seventh and final Objection is to the Magistrate Judge's determination that the plaintiff's seventh proposed amendment to the complaint (he was discriminated against because females were given more recreation time than he) fails to state a claim upon which relief can be granted. (*Id.*) Without citing any legal authority, the Magistrate Judge finds that the plaintiff does not "have a constitutional right to have the same amount of recreational time as do the female

inmates in the jail." (*Id*.)

However, the plaintiff's proposed amendment to his complaint advances a more expansive claim. It is true that the plaintiff contends that male inmates are permitted four hours daily of recreational or "out of cell" time while female inmates enjoy six to nine hours daily of recreational or "out of cell" time, but the plaintiff also contends that female inmates have access to G.E.D. classes and the ability to earn "2 for 1" credits whereas males inmates housed at the same jail do not. (Docket No. 18 at p. 18; Docket No. 59 at p. 8).

To state an equal protection claim, a plaintiff must not only show that he was similarly situated to the others who received preferential treatment but also that a discriminatory purpose was a factor in the challenged action. *Village of Arlington Heights v. Metro. Housing Dev. Corp*., 429 U.S. 252, 265-66 (1997); *see Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1094 (8th Cir. 2004)("For any equal protection claim, the threshold inquiry in whether the [claimant] is similarly situated to others who allegedly received preferential treatment."); *See Lothes v. Butler County Juvenile Rehab. Ctr*., 243 F. App'x 950, 956 (6th Cir. 2007)(noting that the Equal Protection Clause ensures that male inmates are afforded opportunities comparable to those of similarly situated male inmates) *and Cates v. Maury County Jail,* 2013 WL 4945319 (M.D. Tenn. Sept. 12, 2013)(Haynes, J.)(finding that, as to plaintiff's allegations about female inmates' excessive work hours compared to male inmates, plaintiff states a colorable claim under the Equal Protection Clause of the Fourteenth Amendment against defendant in his official capacity).

In the same way that the plaintiff claims that he, a disabled inmate, is being denied the programs, services and opportunities afforded non-disabled inmates in violation of the ADA and Section 1983, the plaintiff claims that he, a male inmate, is being denied the programs, services and

11

opportunities afforded female inmates housed at the same jail in violation of Section 1983. The court finds that the plaintiff's *pro se* allegations state an equal protection claim under Section 1983.

Once again, the court emphasizes that the plaintiff faces a high hurdle in proving these allegations. The court does not take allegations of discrimination lightly. However, the record should be developed as to the plaintiff's allegations, particularly since the plaintiff alleges that female inmates at the jail are treated preferentially over all male inmates,[2] not just a single plaintiff. Therefore, the plaintiff's seventh Objection is sustained, and the plaintiff will permitted to amend his complaint to add an equal protection claim under Section 1983 based on the defendants' alleged preferential treatment of female inmates.

## V. Conclusion

After reviewing the pleadings and the record, and considering the plaintiff's specific Objections to the Magistrate Judge's Report and Recommendation entered on December 14, 2015, the court agrees with the Magistrate Judge's analysis and recommendation and finds that the plaintiff's first, second, fifth, and sixth proposed amendments to the complaint should not be permitted. Therefore, as to those proposed amendments, the plaintiff's Objections will be overruled, and the R&R will be adopted and approved. However, as to the plaintiff's third, fourth, and seventh proposed amendments, the R&R will be rejected, and the plaintiff will be permitted to amend his complaint to assert those claims.

---

[2] It is unclear whether the plaintiff alleges that all female inmates at the jail are treated more favorably than all male inmates at the same jail or only disabled male inmates. Again, this factual distinction and its legal ramifications can be determined after the record is more fully developed.

An appropriate order will follow.

_____
Aleta A. Trauger
United States District Judge